**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| Bluestone Innovations Texas, L.L.C. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2-10-CV-171 |
| | ) | |
| Formosa Epitaxy Inc.; | ) | JURY TRIAL DEMANDED |
| HugaOptotech, Inc.; | ) | |
| Nichia Corporation; | ) | |
| Nichia America Corporation; | ) | |
| Showa Denko K.K.; | ) | |
| Showa Denko America, Inc. | ) | |
| Tekcore Co., Ltd.; | ) | |
| Toyoda Gosei Co., Ltd.; | ) | |
| Toyoda Gosei North America Corporation; | ) | |
| Toyoda Gosei Texas, L.L.C.; and | ) | |
| Walsin Lihwa Corporation | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF FOLLOWING GRANT OF
JURISDICTIONAL DISCOVERY FOR DEFENDANTS TEKCORE CO., LTD.,
FORMOSA EPITAXY, INC., AND WALSIN LIHWA CORP.**

Pursuant to this Court's Order authorizing jurisdictional discovery (Dkt. No. 109) dated

July 21, 2011, the Plaintiff, Bluestone Innovations Texas, L.L.C. ("Bluestone"), initiated

interrogatories and requests for production. Two of three defendants, Tekcore Co., Ltd.

("Tekcore") and Walsin Lihwa Corporation ("Walsin Lihwa") responded within the expedited

time limit of fourteen (14) days. One defendant, Formosa Epitaxy, Inc. ("ForEpi") did not

produce documents in response to Plaintiff's requests until August 16, 2011, which was ten (10)

days after the deadline. All of the defendants chose to convert their documents from how they

are kept in the ordinary course of business into image files (*e.g.* Adobe, .pdf or TIFF images). This image conversion process destroys much of the electronic information (such as that needed by Unicode-dependent machine translation software).  In addition, since most of defendants' production was also written in Mandarin Chinese, the production was essentially encoded, and could not be deciphered without a manual translation.  As such, the documents were not provided to Plaintiff in a useful form for evidentiary submission to this Court.  Plaintiff has requested the original native files, or at least the English translations used by opposing counsel for their review prior to production, but none have been forthcoming.  Consequently, the Court's discovery Order of July 21, 2011 and deadlines for expedited jurisdictional discovery was largely frustrated by defendants' refusal to respond with relevant information from company records.

As a direct result, this supplemental brief and supporting evidence, must rely upon information derived from publicly available sources.  Even so, evidence of defendants' contacts with this forum are substantial.

## I.    STATEMENT OF FACTS

### A.    Plaintiff submits the following with regard to defendant Tekcore:

1.  Tekcore is a manufacturer of Light Emitting Diode ("LED") wafers and chips, including high brightness green, blue, and ultraviolet wavelengths.  (*See* Ex. 1).  These LED chips comprise the accused products and are the subject matter of the patent-in-suit.

2.  Tekcore admits to at least one direct sale in Texas of LED wafer pieces in 2008.  Dkt. No. 47-1, ¶28.

3.  Since at least 2006, Tekcore sold its products to Everlight Electronics Co. Ltd. ("Everlight").  (*See* Ex. 2).  Everlight describes its relationship with Tekcore as a strategic alliance for the supply of LEDs.  (*See* Ex. 3).

4.  Everlight operates an office in Carrollton, Texas, near Dallas, (*see* Ex. 4) from which it distributes Tekcore products throughout the United States, including customers in the state of Texas and this District.  (*See* Ex. 5).

5.  Last month, on July 29, 2011, Everlight acquired management rights and control over a majority of Tekcore's board of directors.  (*See* Ex. 6).

6.  Since at least 2009, Tekcore has sold its products to Epistar Corp. ("Epistar") who also holds the largest minority stake in Tekcore.  (*See* Ex. 7).  Epistar's own sales include Tekcore's LEDs as the integral component of backlights in televisions.  (S*ee* Ex. 8).

7.  Tekcore LED components are provided through Epistar to several other manufacturers, including Samsung LED and Samsung Electronics.  (*See* Ex. 9).

8.  Samsung has also been previously found subject to jurisdiction by this Court based on sales of consumer products within the Eastern District of Texas.  *See, e.g.*, *Cheetah Omni LLC v. Samsung Electronics America, Inc*. (E.D.Tex. 2009).

9.  Other electronic devices incorporating Tekcore and Epistar chips are sold across the United States, including in the Eastern District of Texas, from retailers such as EC21.  (*See* Ex. 10).  Electronic products incorporating Everlight chips are sold across the United States, including the Eastern District of Texas, from retailers such as Mouser Electronics.  (*See* Ex. 11).

**B.   Plaintiff submits the following with regard to defendant Walsin:**

1.   Walsin Lihwa's LED and optoelectric device business includes the production of Patterned Sapphire Substrate high-brightness LED chips that are the subject matter of the '557 patent.

2.   Walsin Lihwa has availed itself of the privileges of the State of Texas through its subsidiary Walsin Technology Corporation, which manufactures and distributes passive

semiconductor components.  Walsin Technology Corporation maintains a U.S. distributor in Mansfield, Texas.  (Ex. 12, p. 12).

3.      Walsin Technology Corporation forecasts impressive growth for its LED applications through its supply to major electronics manufacturers, specifically: Sony, Sharp, LG and Samsung (Ex. 13, pp. 22 and 29).

4.      Walsin Lihwa has successfully vertically integrated its operations, officers and directors with other high-tech companies, including HannStar Board, HannStar Display, Passive System Alliance, and Winbond Electronics to "*create synergies for the Walsin Lihwa conglomerate.*"  (D.I. 99-1, p. 3 of 6) (emphasis added); (*see* also Exs. 14 and 15).

   a).  Mr. Yu-Chi Chiao is a director of Walsin Lihwa Corp., a director of HannStar Board Corp., the Chairman of HannStar, and Chairman of Hannspree Inc., which also operates Hannspree USA Inc. (Exs. 15 and 16).

   b).  Mr. Yu-Chun Chiao is the vice chairman of Walsin Lihwa Corp., and a HannStar supervisor.  (*See* also Ex. 15).

   c).  Mr. Ting-Piao Chiao is a director of Walsin Lihwa and also serves on HannStar's board of directors. (*See* also Ex. 15).

5.      HannStar Display is engaged in the development, manufacture and sale of TFT-LCDs, including technology transfers from Toshiba and Hitachi. (Ex. 17).  HannStar Displays are sold throughout the world, including in the United States, and more particularly, they are sold in the State of Texas by ScreenTek, from ScreenTek's place of business located at 8282 El Rio St., Suite 100, Houston, Texas 77054. (Ex. 18).

6.      Hannspree's products, including televisions, monitors, tablet PC's, laptops and other digital devices, are also sold throughout the United States from Hannspree's stores in San

Francisco, CA and Los Angeles, CA; at retail stores such as: CompUSA, Micro Center and

Staples; and at e-retail outlets including: Amazon.com, BJ's, Best Buy, Circuit City, CompUSA,

Costco, Micro Center, NewEgg, Staples, and Tiger Direct.  (Ex. 19).

**C.**    **Plaintiff submits the following with regard to defendant ForEpi:**

1.   ForEpi claims a large customer base throughout the United States.  (*See* Ex. 20,

"Currently, FOREPI is [the] only LED company with the capability of offering full spectrum

including high power InGaN Blue, Green and near-UV LED in Taiwan and customer's bases

widespread in Korea, Taiwan, US, HK and China area.").  These LED devices are the subject of

the '557 patent-in-suit.  *See* Amended Complaint, Dkt. No. 11.

2.   ForEpi claims to supply major manufacturers including LG and Samsung.  (*See*

Ex. 21, "In addition to existing Korean clients, such as Samsung and LG, FOREPI has started to

supply for major TV vendors.").

3.   Both LG and Samsung sell consumer products throughout the United States and

specifically within the Eastern District of Texas.  For example, both manufacturers provide

information for where to buy their products based on zip code, and both have LED products

available for sale at Sam's Club in Tyler, Texas.  (*See* Ex. 22).

4.   Both LG and Samsung have also been previously recognized by this Court as

being within its jurisdiction based on their activities.  *See, e.g.*, *LG Electronics, Inc. v. Hitachi,

Ltd*. (E.D.Tex. 2008); *Cheetah Omni LLC v. Samsung Electronics America, Inc*. (E.D.Tex. 2009).

5.   ForEpi chips have been made available for sale to customers across the country,

including in the Eastern District of Texas, on multiple websites, including from Carry Beam Co,

Ltd. through North American Importers Association and from ez LED USA.  (*See* Exs. 23 and

24) .

6.      According to the August 14, 2009 issue of LEDinside:  "Over 50% of FOREPI's third quarter capacity is dedicated to Samsung and LG…the remaining capacity will be allocated to other Taiwan manufacturers such as Innolux and Coretronic as they prepare for launch of their LED monitors, thus we can expect FOREPI's capacity to be fully loaded."  (*See* Ex. 25).

## II.   LEGAL STANDARD

Although the parties dispute the allegations of fact, there appears to be consensus as to the applicable law necessary to support a finding of general or specific jurisdiction over these corporate defendants.

### A.      General Jurisdiction

General personal jurisdiction "requires that the defendant have 'continuous and systematic' contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts."  *Silent Drive, Inc. v. Strong Indus., Inc.,* 326 F.3d 1194, 1200 (Fed.Cir. 2003).

### B.      Specific Jurisdiction

Specific jurisdiction exists when the defendant's contacts "arise from, or are directly related to, the cause of action."  *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).  Each of the defendants have also asserted *QR Spex, Inc. v. Motorola, Inc.,* 507 F.Supp.2d 650, 658 (E.D. Tex. 2007) (…"an exercise of personal jurisdiction under the stream of commerce theory is only appropriate where the allegedly infringing products reaches the forum.") as persuasive precedent.

### C.      By Exception:  Fed. R. Civ. P. 4(k)(2)

When a foreign defendant has sufficient contacts with the United States as a whole to satisfy due process concerns, but does not concede jurisdiction in any single state, a court may use Rule 4(k)(2) to confer jurisdiction.  *Adams v. Unione Mediterranea di Sicurta*, 364 F.3d 646,

6

651 (5th Cir. 2004).  The Fifth Circuit's approach in *Adams* was cited with approval by the

Federal Circuit in *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1414 (Fed.Cir. 2009)

when it held that if "the defendant contends that he cannot be sued in the forum state and refuses

to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)"

to exercise jurisdiction over the foreign defendant. *Touchcom* at 1415.

## III.    ARGUMENT

Defendants do not contest that they are engaged in the production and sale of the accused

products.  Rather, these defendants seek to conduct the majority of their business offshore,

behind a maze of strategic alliances, partnerships, and subsidiaries.  When it comes to allegedly

infringing downstream sales, they each proclaim ignorance to this Court.  *See* identical

statements found in defendants' briefs: "Rather, the accused products, if they are sold in the U.S.,

are sold embedded within the furnished goods of companies well downstream from

[FOREPI]/[TEKCORE]" (*see* Dkt No. 66, p. 4 and Dkt No. 78, p. 4, respectively) – while

simultaneously to their investors they produce colorful charts of robust and continued growth

based upon projected LED-based device sales in the U.S. marketplace.

None of the defendants contest their role as overseas suppliers of LED chips incorporated

into end products sold throughout the United States.  In fact, each of the defendants advertises its

strong sales to Asian manufacturers, including at least Samsung Electronics, and the bright

prospects for investment into expanding markets for LED-based smart televisions, smart

telephones, and other hand-held devices fueled, at least in part, by U.S. consumer demand.

Publicly available information supports, at least for the purposes of personal jurisdiction,

that each of the defendants maintain continuous and systematic contacts targeted upon Texas

residents through their business activities.

On information and belief, Tekcore is subject to personal jurisdiction in this District due to ongoing continuous and systematic contacts with the forum, which include:  (1) its admission of direct sales in Texas in 2008; (2) sales of components later incorporated within larger consumer products that are offered for sale in the District (including but not limited to LED televisions from Samsung); and finally (3) the management rights and control exercised by Everlight, who maintains offices near Dallas, Texas.

On information and belief, Walsin Lihwa maintains continuous and systematic contacts with the forum through its U.S. subsidiary in Mansfield, Texas (Walsin Technology Corporation) and its vertical integration with HannStar, HannStar Display, and Hannspree.  In addition, Walsin Lihwa supplies global manufacturers Sony, LG, Samsung, and Sharp, all of whom in turn import and offer their products for sale in the District.

On information and belief, ForEpi supplies global manufacturers such as EpiStar,  LG and Samsung with high-brightness LED chips intended for sale throughout the United States, including in this District.

Now acquainted with the law, including Fed. R. Civ. P. 4(k)2, and based on their business activities, each of these protesting defendants knows it must be subject to jurisdiction somewhere in the United States, and most have selected California as their preferred forum. Given the volume of defendants' profits from U.S. sales, measured in hundreds of millions of dollars, their continued resistance to personal jurisdiction is merely a thinly veiled objection to venue in Texas.

## IV.    ALTERNATIVE REMEDY

 Defendants have so far successfully frustrated jurisdictional discovery, meanwhile pointing to their customers as the proper source of relevant information on sales of end products

incorporating LED chips.  Defendants boldly assert:  "In the alternative, Bluestone may ask those

it believes as selling the infringing [FOREPI]/[TEKCORE] products in this forum for evidence

to back up that claim."  *See* Dkt. No. 66 & 78 at 5.  For the reasons stated herein, the Court may

exercise personal jurisdiction over each of the three protesting defendants.  Alternatively, the

Court could allow Plaintiff additional time to obtain discovery from third-parties under F.R.C.P.

Rule 45.

**V.      CONCLUSION**

For the reasons stated herein, Bluestone prays for relief as the Court deems most

appropriate.

ROETZEL & ANDRESS, LPA
600 14th St., N.W.
Suite 400
Washington, DC  20005
202-625-0600 (phone)
202-338-6340 (fax)


By: */s/ Jon B. Crocker*
      JON B. CROCKER (*Admitted*)

SMITH & GILSTRAP
P.O. Drawer A
Marshall, TX 75671
903-938-8321 (phone)
903-938-8331 (fax)


By: */s/ J. Rodney Gilstrap*
      J. RODNEY GILSTRAP


Dated: August 26, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail, postage prepaid, on this 26th day of August, 2011.

*/s/ J. Rodney Gilstrap*
J. RODNEY GILSTRAP