IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BLUESTONE INNOVATIONS TEXAS, L.L.C., | § § § | |
| Plaintiff. | § § | CIVIL ACTION NO. 2:10-cv-171-TJW-CE |
| v. | § § § | |
| FORMOSA EPITAXY INC., ET AL., Defendants. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are defendants Formosa Epitaxy, Inc.'s (ForEpi"), Tekcore Co., Ltd.'s ("Tekcore"), and Walsin Lihwa Corp.'s ("Walsin") (collectively, "Defendants") motions to dismiss plaintiff Bluestone Innovations Texas, L.L.C.'s ("Bluestone") amended complaint for lack of personal jurisdiction (Dkt. Nos. 41, 47, and 98). For the following reasons, the court GRANTS defendants Tekcore's and Walsin's motions to dismiss (Dkt. Nos. 47 and 98). The court, however, DENIES defendant ForEpi's motion to dismiss (Dkt. No. 41) because the court has concluded that it may exercise personal jurisdiction over ForEpi pursuant to Rule 4(k)(2). Finally, the court GRANTS Defendants' motions to strike Plaintiff's surreply to Defendants' supplemental reply brief (Dkt. Nos. 124, 125, and 126) because the court did not grant Plaintiff permission to file a supplemental surreply brief. *See* Dkt. No. 109.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On May 26, 2010, Bluestone filed suit against Defendants,[1] alleging infringement of United States Patent No. 6,163,557 (the "'557 Patent") entitled "Fabrication of Group III-V

---

[1] Bluestone has sued numerous other defendants as well.

1

Nitrides on Mesas." With regard to jurisdiction and venue, Bluestone alleges that ForEpi, Tekcore, and Walsin are foreign corporations existing under the laws of Taiwan with principal places of business located in Taiwan. Bluestone alleges that Defendants are subject to this court's personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein. Bluestone alleges that Defendants are subject to the court's general jurisdiction because they regularly do or solicit business, engage in other persistent courses of conduct, and/or derive substantial revenue from goods and services provided to individuals in Texas.[2] Bluestone further alleges that Defendants are subject to the court's specific jurisdiction because Defendants, directly and/or through intermediaries, have advertised, offered to sell, sold, and/or distributed infringing products, and/or have induced the sale and use of infringing products within this district.

## II. LEGAL STANDARD

Federal Circuit law controls personal jurisdiction issues in patent cases. *Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1368 (Fed. Cir. 2010) (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995)); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994). A federal court may exercise personal jurisdiction over a foreign defendant only if (1) the long-arm statute creates personal jurisdiction over the foreign defendant, and (2) the exercise of personal jurisdiction over that defendant is consistent with the due process guarantees of the U.S. Constitution. *See Patent Rights Prot. Grp., LLC,* 603 F.3d at 1368-69; *see also Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201,

---

[2] Bluestone also alleges that ForEpi has maintained substantial contact with this forum through the establishment of a plant in Point Comfort, Texas. However, ForEpi attested that no such plant exists, and Bluestone, having provided no evidence to the contrary, apparently concedes this point.

204 (5th Cir. 1996). The Texas long-arm statute extends to the full extent permitted by the Due Process Clause of the U.S. Constitution. *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003). The sole inquiry in this case, therefore, is whether the exercise of personal jurisdiction would violate the Due Process Clause of the U.S. Constitution. *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998).

Thus, to establish that this court has personal jurisdiction over Defendants, Bluestone must show that: (1) Defendants have purposefully availed themselves of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-20 (1945); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-77 (1985). Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of producing facts showing that the defendant is subject to personal jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction. *See J. McIntyre Mach., Ltd. v. Nicastro ("McIntyre")*, 131 S. Ct. 2780, 2787-88 (2011); *see also Red Wing Shoe Co.*, 148 F.3d at 1359.

General jurisdiction exists when a non-resident defendant's contacts with the forum state are substantial, continuous, and systematic. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-19 (1984). Random, fortuitous, or attenuated contacts are not sufficient to establish general jurisdiction. *Red Wing Shoe Co.*, 148 F.3d at 1359. "There is also a more limited form of submission to a State's authority for disputes that 'arise out of or are connected with the activities within the state.'" *McIntyre*, 131 S. Ct. at 2787-88 (quoting *Int'l Shoe Co. v.*

3

*Washington*, 326 U.S. 310, 316 (1945)). Where a defendant "'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws,' … it submits to the judicial power of an otherwise foreign sovereign to the extent that power is exercised in connection with the defendant's activities touching on the State." *Id*. (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "The question is whether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction of a given sovereign, so that the sovereign has the power to subject the defendant to judgment concerning that conduct." *Id*. at 2789.

### III.    DISCUSSION

#### A.    FOREPI

ForEpi manufactures Light Emitting Diode (LED) products, including whole wafers for its customers to dice and package, or bare chips, in Taiwan. The bare LED chips after dicing are not useful until they are packaged and become LED lamps. ForEpi sells the wafers and/or chips it manufactures to the packaging companies that package ForEpi products into LED lamps. Those lamps are sold for further use by the customers of those packaging companies.

Bluestone relies on the following facts in support of its argument that the court has jurisdiction of ForEpi: (1) ForEpi claims a large customer base throughout the United States; (2) ForEpi claims to supply major manufacturers, including LG and Samsung; (3) both LG and Samsung sell consumer products throughout the United States and specifically within the Eastern District of Texas – for example, both have LED products available for sale at Sam's Club in Tyler, Texas; (4) over 50% of ForEpi's third quarter capacity in 2009 was dedicated to Samsung and LG; and (5) ForEpi chips have been made available for sale to customers across the country, including

4

in the Eastern District of Texas, on multiple websites, such as Carry Beam Co., Ltd. and ez LED USA. Bluestone, however, does not offer any evidence that any ForEpi products have actually been purchased in the State of Texas.

According to ForEpi, one of the packaging companies that purchases ForEpi products is LG Innotek in Korea. LG Innotek is a separate company from LG Electronics which manufactures consumer electronics devices. ForEpi attests that although it believes that LG Innotek sells LED lamps containing ForEpi chips to other LG entities, ForEpi does not know the particular models of LG end-user products that might include its LEDs. ForEpi further attests that it does not sell its products directly to Samsung and does not know what Samsung products, if any, include ForEpi LEDs. Finally, ForEpi attests that it has not sold any of its products to Carry Beam Co., Ltd. or ez LED USA, and has no knowledge as to whether any of these companies has ever sold any products, including ForEpi LEDs, in the United States.

Based on these facts, the court concludes that it does not have general personal jurisdiction over ForEpi. As explained above, for this court to exercise general personal jurisdiction over ForEpi, Bluestone must prove that ForEpi has continuous and systematic contact with the State of Texas. *Helicopteros*, 466 U.S. at 416. Bluestone, however, fails to identify any contacts between ForEpi and Texas. ForEpi is a foreign company with its principal place of business in a foreign country. There is no evidence that ForEpi has maintained a place of business, any facility or office, or other continuous presence in Texas. ForEpi does not have a business license in Texas, nor does it have an agent for service of process or any employee in Texas. There is no evidence that ForEpi employs any distributor for its products in Texas or that ForEpi advertises or promotes its products in Texas. Simply put, there is no evidence that ForEpi regularly does or

solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from goods and services provided to individuals in Texas. The court, therefore, concludes that it does not have general personal jurisdiction over ForEpi.

The court also concludes that Texas does not have specific personal jurisdiction over ForEpi. The Supreme Court recently addressed allegations of specific personal jurisdiction in a case with facts somewhat similar to those here. In *McIntyre*, J. McIntyre Machinery LTD ("J. McIntyre") was a scrap-metal machinery manufacturer based in England. *McIntyre*, 131 S. Ct. at 2786. Plaintiff Nicastro was an employee of a scrap metal company based in New Jersey who had purchased a machine made by J. McIntyre. *Id*. Nicastro was seriously injured by the machine, and he sued J. McIntyre for products liability in New Jersey. *Id*. J. McIntyre argued that New Jersey courts did not have jurisdiction over it because it had never directed any of its activities to New Jersey. *Id*. The Supreme Court of New Jersey, however, disagreed. In asserting jurisdiction over J. McIntyre, the Supreme Court of New Jersey relied most heavily on three primary facts as providing constitutionally sufficient "contacts" with New Jersey: (1) an American distributor agreed to sell J. McIntyre's machines in the United States and on one occasion sold and shipped one machine to a New Jersey customer – Mr. Nicastro's employer; (2) J. McIntyre permitted, indeed wanted, its independent American distributor to sell its machines to anyone in America willing to buy them; and (3) representatives of J. McIntyre attended trade shows in such cities as Chicago, Las Vegas, New Orleans, Orlando, San Diego, and San Francisco. *Id*. at 2791. The controlling opinion[3] of the Supreme Court, however, concluded that these facts did not establish contacts between J. McIntyre and the State of New Jersey constitutionally sufficient to support New Jersey's assertion of jurisdiction. Justice Beyer, writing for the concurrence,

---
[3] *Tennard v. Dretke*, 542 U.S. 274, 286 n* (2004).

explained that no Supreme Court precedent has concluded that "a single isolated sale" is sufficient to support jurisdiction. He went on to conclude that:

> the relevant facts found by the New Jersey Supreme Court show no "regular ... flow" or "regular course" of sales in New Jersey; and there is no "something more," such as special state-related design, advertising, advice, marketing, or anything else. Mr. Nicastro, who here bears the burden of proving jurisdiction, has shown no specific effort by the British Manufacturer to sell in New Jersey. He has introduced no list of potential New Jersey customers who might, for example, have regularly attended trade shows. And he has not otherwise shown that the British Manufacturer "purposefully avail[ed] itself of the privilege of conducting activities" within New Jersey, or that it delivered its goods in the stream of commerce "with the expectation that they will be purchased" by New Jersey users.

*Id*. at 2792 (internal quotation marks omitted).

Here, Bluestone has likewise failed to present any evidence that ForEpi made any effort to direct its products to the Texas market – in fact, there is no direct evidence that ForEpi's accused products were ever actually sold in the State of Texas. In sum, if the contacts with the forum state in *McIntyre* were insufficient to confer specific personal jurisdiction, then ForEpi's contacts with Texas are likewise insufficient. As such, the court concludes that it does not have specific personal jurisdiction over ForEpi.

The court, however, agrees with Bluestone that it has personal jurisdiction over ForEpi under Rule 4(k)(2). Federal Rules of Civil Procedure 4(k)(2) states, in relevant part: "For a claim that arises under federal law, serving a summons ... establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." FED. R. CIV. P. 4(k)(2). For a court to exercise personal jurisdiction over a defendant under Rule4(k)(2): (1) the plaintiff's claim must arise under federal law; (2) the defendant must not be subject to jurisdiction in any state's courts of general jurisdiction; and (3) exercise of

7

jurisdiction must comport with due process." *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1414 (Fed. Cir. 2009). With regard to the second requirement of Rule 4(k)(2), the Federal Circuit has explained that:

> Before the adoption of Rule 4(k)(2), a non-resident defendant who did not have 'minimum contacts' with any individual state sufficient to support exercise of jurisdiction, but did have sufficient contacts with the United States as a whole, could escape jurisdiction in all fifty states. Rule 4(k)(2) was adopted to ensure that federal claims will have a U.S. forum if sufficient national contacts exist.

*Touchcom*, 574 F.3d at 1414. Under Federal Circuit law, the burden is on the defendant to name some other state in which the suit could proceed. In sum, if a "defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." *Id*. at 1415.

In analyzing the third requirement of Rule 4(k)(2), that the exercise of jurisdiction comports with due process, the court must consider whether "'(1) defendant has purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to the defendant's activities with the forum, and (3) assertion of personal jurisdiction is reasonable and fair.'" *Id*. at 1416 (quoting *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico*, 563 F.3d 1285, 1297 (Fed. Cir. 2009)). The due process analysis under Rule 4(k)(2) "'contemplates a defendant's contacts with the entire United States, as opposed to the state in which the district court sits.'" *Id*. (quoting *Synthes*, 563 F.3d at 1295). "Thus, while the test of specific jurisdiction under 4(k)(2) involves the same steps as under 4(k)(1), …[the court]… must consider …[the defendant's]… 'contacts with the nation as a whole.'" *Id*. (quoting *Synthes*, 563 F.3d at 1296).

Here, ForEpi does not concede that it is subject to jurisdiction in any state's courts of

general jurisdiction. Furthermore, having carefully reviewed all of the evidence presented by the parties, the court concludes that this court's exercise of jurisdiction over ForEpi comports with due process. Bluestone has presented sufficient evidence to make a *prima facie* showing that ForEpi delivered its allegedly infringing products into the stream of commerce with the expectation that they would be purchased in the United States. As such, the court concludes that it has personal jurisdiction over ForEpi under Rule 4(k)(2), and the court denies ForEpi's motion to dismiss.

    **B.**    **TEKCORE**

Tekcore manufactures LED products, including LED dies and LED wafers, in Taiwan. Tekcore has submitted an affidavit attesting that it sells or has sold most of its products to its customers in Asia, including Taiwan, China, Hong Kong, Japan, and Korea. After they are sold, Tekcore does not control, track, or monitor the use or further sale of Tekcore's products. Two of Tekcore's customers are Everlight Electronics Co. Ltd. ("Everlight") and Epistar Corp. ("Epistar"). Tekcore delivers product to these two companies in Taiwan and China. Tekcore, however, attests that it has no input, control, or knowledge as to how the products sold to Everlight and Epistar are integrated into or packaged with other products for resale by Everlight and Epistar. Tekcore attests that it, therefore, does not know whether any of its products incorporated into Everlight and Epistar products ever reach the United States or any particular state, such as Texas.

Bluestone relies on the following alleged facts to support its argument that the court has personal jurisdiction over Tekcore: (1) Tekcore has admitted to one sale in Texas of its LED wafer pieces in 2008; (2) Tekcore sells its products to Everlight Electronics Co. Ltd. ("Everlight"); (3) Everlight operates an office in Carrollton, Texas, from which it distributes Tekcore products throughout the United States; (4) in July 2011 Everlight acquired management rights and control

9

over a majority of Tekcore's board of directors; (5) Tekcore sells its products to Epistar Corp. ("Epistar"); (6) Epistar incorporates the products into backlights in its televisions; (7) Epistar provides Tekcore LED components to several manufacturers, including Samsung LED and Samsung Electronics; and (8) other electronic devices incorporating Tekcore, Everlight, and Epistar chips are sold across the United States, including in this district, from retailers such as EC21 and Mouser Electronics.

Tekcore argues that many of Bluestone's alleged facts are incorrect. Specifically, Tekcore has provided evidence that disputes Bluestone's claim that Everlight has management rights or control over a majority of Tekcore's board of directors. *See* Ex. 2, attached to Dkt. No. 117; *see also* Ex. 1 at ¶¶ 41-43, attached to Dkt. No. 117. Tekcore admits that it held a general meeting on July 29, 2011, during which Tekcore's shareholders elected new board of directors and supervisors. Tekcore attests that among Tekcore's seven current directors, only two directors are Everlight's representatives and that among Tekcore's three current supervisors, none of them are Everlight's representatives. Furthermore, in Tekcore's responses to Bluestone's requests for admission, Tekcore denied that Everlight holds four of Tekcore's seven director seats and that Everlight holds two of Tekcore's three supervisor seats. Considering the evidence provided by Tekcore, the court concludes that Bluestone's claim that Everlight has management rights or control over a majority of Tekcore's board of directors has not been established.

Even assuming *arguendo* that all of Bluestone's other alleged facts are true, these facts do not establish that the court has personal jurisdiction over Tekcore. First, with regard to general personal jurisdiction, although Tekcore admits that, in 2008, it sold ten pieces of LED wafer to one Texas customer for $1,500, such contacts with Texas are far from substantial, continuous, and

systematic. *See Helicopteros Nacionales de Colombia, S.A,* 466 U.S. at 414-19. This one-time sale "is a classic case of sporadic and insubstantial contacts with the forum state, which are not sufficient to establish general jurisdiction over the defendants in the forum." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017-18 (Fed. Cir. 2009) (internal quotation omitted). In *Helicopteros*, the Supreme Court rejected the plaintiff's assertion of personal jurisdiction in Texas where the defendant did not have a place of business in Texas and had never been licensed to do business in the state. 466 U.S. at 416. The Supreme Court reached this conclusion despite the fact that the defendant "sen[t] its chief executive officer to Houston for a contract-negotiation session; accept[ed] into its New York bank account checks drawn on a Houston bank; purchas[ed] helicopters, equipment, and training services from Bell Helicopter for substantial sums; and sen[t] personnel to Bell's facilities in Fort Worth for training." *Id*. Like the defendant in *Helicopteros*, Tekcore has no actual physical presence or license to do business in Texas, and nothing here exceeds the commercial contacts that the Supreme Court held were insufficient in *Helicopteros*. *See Autogenomics, Inc.*, 566 F.3d at 1018. Accordingly, the court concludes that it does not have general jurisdiction over Tekcore.

Moreover, the alleged facts do not give rise to specific jurisdiction. The facts here are, again, closely linked to those in *McIntyre*. In *McIntyre*, the Supreme Court concluded that a single isolated sale, even when accompanied by the fact that the defendant employed an American distributor who was permitted to sell the defendant's products to anyone willing to buy them, was not sufficient to support jurisdiction. Here, apart from Tekcore's single isolated sale in Texas, Bluestone has presented no evidence indicating that Tekcore made any special efforts to sell its products in Texas. *McIntyre*, 131 S. Ct. at 2792. Furthermore, just as in *McIntyre*, Bluestone

11

alleges no facts showing "regular ... flow" or "regular course" of sales in Texas; and there is no evidence of "'something more,' such as special state-related design, advertising, advice, marketing, or anything else." *Id.* As such, Bluestone has failed to show that Tekcore "'purposefully avail[ed] itself of the privilege of conducting activities'" within Texas, or that it delivered its goods in the stream of commerce "'with the expectation that they will be purchased'" by Texas users. *Id.* (citations omitted). It bears mention that, other than the 2008 sale, Bluestone has not shown that any of Teckore's products are incorporated into goods sold in Texas.

In conclusion, Bluestone has failed to prove that this court has personal jurisdiction over Tekcore under Rule 12(b)(2). Furthermore, Tekcore has conceded that it is subject to suit under the principle of general jurisdiction in at least California because of its business activities there. Tekcore is, therefore, not subject to jurisdiction in Texas under Rule 4(k)(2). Accordingly, the court grants Tekcore's motion to dismiss.

### C. WALSIN

Walsin designs and manufactures its LED products in Taiwan. Walsin has submitted an affidavit stating that all of its sales of LED products are to customers in Taiwan, Hong Kong, and China. Walsin attests that it has no control over decisions as to where or to whom its customers sell or distribute its LED products.

Bluestone argues that the following alleged facts give this court personal jurisdiction over Walsin: (1) Walsin has availed itself of the privilege of doing business in Texas through its subsidiary, Walsin Technology Corporation ("Walsin Tech."), which manufactures and distributes passive semiconductor components; (2) Walsin Tech. has a U.S. distributor in Mansfield, Texas; (3) Walsin Tech. forecast growth for its LED applications through its supply to major electronics

manufacturers – specifically, Sony, Sharp, LG, and Samsung; (4) Walsin has successfully integrated its operations, officers, and directors with other high-tech companies, including HannStar Board, HannStar Display Corp., Passive System Alliance, and Winbond Electronics; (5) HannStar Display is engaged in the development, manufacture, and sale of TFT-LCDs; (6) HannStar Display's products are sold throughout the world, including in Houston Texas by ScreenTek; and (7) HannStar's director Yu-Chi Chiao is also the chairman of Hannspree, which sells its LED displays and televisions throughout the United States.

Walsin argues that many of these alleged facts are erroneous. But, again, even assuming *arguendo* that Bluestone's alleged facts are correct, these facts do not give rise to personal jurisdiction in Texas. First, Bluestone has alleged no facts establishing that Walsin has continuous and systematic contacts with the state of Texas. Indeed, it is undisputed that neither Walsin nor any of its subsidiaries: (1) have ever maintained a place of business, facility, or office in Texas; (2) have any employees in Texas; and (3) have ever had commercial advertisement or promotions targeting the market in Texas for any product. Furthermore, Bluestone alleges no facts indicating that Walsin has continuously transacted business in this state. Consequently, Walsin is not subject to this court's general jurisdiction.

Bluestone has also failed to allege facts establishing specific jurisdiction over Walsin. Bluestone's alleged facts essentially boil down to an allegation that Walsin has numerous distributors of its products (or of products incorporating Walsin's products) that *might* sell Walsin's products in the State of Texas. It remains undisputed, however, that Walsin has not sold any LED products to these alleged distributors, including Walsin Tech. As such, there is no direct evidence that Walsin or one of its distributors sold LED products in Texas, much less that the

13

accused products were sold in Texas. This infringement dispute, therefore, does not arise out of, and is not connected with, any of Walsin's alleged activities in Texas – no matter how attenuated those activities might be. *McIntyre*, 131 S. Ct. at 2797. Accordingly, this court does not have specific personal jurisdiction over Walsin.

In sum, Bluestone has failed to prove that this court has personal jurisdiction over Walsin under Rule 12(b)(2). Furthermore, Walsin concedes that it is subject to suit under the principle of general jurisdiction in at least California because of its business activities there. Walsin, therefore, is not subject to jurisdiction in Texas under Rule 4(k)(2). As such, the court grants Walsin's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS defendant Walsin's and Tekcore's motions to dismiss (Dkt. Nos. 47 and 98). The court, however, DENIES defendant ForEpi's motion to dismiss because the court has concluded that it may exercise personal jurisdiction over ForEpi pursuant to Rule 4(k)(2) (Dkt. No. 41). Furthermore, the court GRANTS Defendants' motions to strike Plaintiff's surreply to Defendants' supplemental reply brief (Dkt. Nos. 124, 125, and 126) because the court did not grant Plaintiff permission to file a supplemental surreply brief. *See* Dkt. No. 109.

SIGNED this 30th day of September, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE